## James K. Place and another v. Charles W. Grant and another.

A chattel mortgage was given to secure the payment of eleven promissory notes, and five of these notes, with the mortgage, were assigned by the mortgagee to the plaintiffs as collateral security for a debt due them. Defendants subsequently levied upon a part of the mortgaged property, by virtue of executions against the mortgagor, and plaintiffs sued them in trover.—*Held*, That it was competent for defendants in this suit to show that plaintiffs had appropriated sufficient of the mortgaged property, before the mortgage came due, to satisfy their debt, since such evidence would show an extinguishment of plaintiff's title to the property, and the residuum of the mortgage interest, if any, would revert to the mortgagee.

*Heard October 5th. Decided November 14th.*

Case made after judgment, from Saginaw Circuit.

The action was trover for certain merchandise, which had belonged to the firm of Beach & Richardson. December 5th, 1857, Beach & Richardson, mortgaged this merchandise to Seth C. Beach, to secure the payment, within ninety days, of eleven promissory notes, eight of which were then past due, and the others were to become due within the ninety days. December 8th, 1857, Seth C. Beach assigned this mortgage, with five of the notes, to the plaintiffs, upon condition that if said Beach should, on or before the first day of February then next, deliver to the agent selected by plaintiffs good promissory notes or bonds, drawing interest, at the rate of not less than ten per cent, to the full amount of the indebtedness of Beach & Moores to plaintiffs, payable as specified in the assignment, then the assignment was to be void; otherwise the plaintiffs were to hold the said five notes and chattel mortgage as collateral security for the payment of the full amount of the indebtedness of Beach & Moores, in four equal payments, on the first days of August, September, October and November next following; and no proceedings were to be had by plaintiffs to foreclose the mortgage or to collect said notes, until default should be made in the payment of the indebtedness of Beach & Moores, as above stated, unless

plaintiffs should deem it necessary for their security to do so. But in case of foreclosure and sale of the property, plaintiffs after retaining the amount of the indebtedness of Beach & Moores, were to return the balance to said Seth C. Beach.

The defendants were sheriff and under sheriff of Saginaw county, and took the property, January 19, 1858, and sold it as the property of Beach & Richardson, by virtue of certain executions against them; and plaintiffs, claiming the same under said chattel mortgage and assignment, brought trover therefor.

On the trial, defendants offered to show that, after the levy made by them, and about the first of March, 1858, certain other property, included in the chattel mortgage but not in the levy, was taken by the plaintiffs and converted into money, and an amount realized therefrom equal to the amount due the plaintiffs. This evidence was objected to, and excluded by the court, and the plaintiffs had judgment for the value of the property taken by defendants.

*J. G. Sutherland* and *A. B. Maynard*, for defendants:

When plaintiffs had realized their debt, they had no longer any title to the property mortgaged. — *Charter v. Stevens*, 3 *Denio*, 33; *Fuller v. Parish*, 3 *Mich*, 211; *Thurber v. Jewett*, 3 *Mich.* 295.

*Moore & Gaylord* and *C. I. Walker*, for plaintiffs:

The assignment of the mortgage and the five notes to the plaintiffs was a *mortgage of the mortgage*, and transferred to the plaintiffs all the rights, and conferred upon them all the powers, of the original mortgagee. The assignment constituted the plaintiffs *trustees* for the owner of the remaining notes, as to all the balance: — *Graydon v. Church*, 7 *Mich.* 57: but the whole *legal title* to the mortgage was in the plaintiffs.

PLACE v. GRANT.

MARTIN CH. J.:

Whether we regard the assignment of the mortgage to these plaintiffs as a mortgage of the mortgage, or as an absolute assignment, extinguishing all the security as to the notes not transfered; whether there can be a mortgage of a mortgage of chattels, or whatever may be the effect of the assignment of the five notes and the chattel mortgage to secure the payment of the debt due these plaintiffs, upon the residue of the notes secured but not assigned, still, as between these parties, whether the debt to secure which the assignment was made had or had not been paid, and if paid, when paid, were material questions. If paid without foreclosure, the plaintiffs' title to the goods was extinguished; for by the most liberal construction of the mortgage in their behalf, they could only act as trustees of Beach, the assignor, upon foreclosure and sale; while, if their debt was satisfied without resort to foreclosure, the residuum of the mortgage interest, if any there were, reverted to Beach. In either view, they would have no title upon which to maintain this action.

The ruling of the court excluding testimony offered to show such payment, either in cash or by appropriation of sufficient of the mortgaged property before forfeiture, was therefore erroneous, within the rule of *Parish v. Fuller*, and *Jewett v. Thurber*. See also *Rose v. Story*, 1 *Barr*, 190. With these errors, we can not consider the facts submitted, but the judgment must be reversed and a new trial ordered.

The other Justices concurred.